UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

vs.

Benjamin Hyun-Ki Fielder,

       Defendant.

Case No. 21-cr-20564
Hon. F. Kay Behm

**Stipulated Preliminary Order of Forfeiture**

Plaintiff, by and through its undersigned attorneys, together with Defendant Benjamin Hyun-Ki Fielder ("Defendant"), individually, and by and through his attorney, Henry Scharg, submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following.

Based upon Defendant's guilty plea to Counts 1 & 2, Attempted Use of Interstate Facilities to Transmit Information About a Minor for Criminal Sexual Activity, of the Superseding Information, a violation of 18 U.S.C. § 2425, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 2253(a), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

    1.    Defendant shall forfeit to the United States all right, title and interest he may possess in all, any visual depiction, book, magazine, periodical, film, videotape, or other matter which contains such visual depiction, which was

produced, transported, mailed, shipped, or received in violation of these subsections; property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real, or personal involved in or used in the commission of his offense including, but not limited to, the following (hereinafter referred to as the "Subject Property"), as property involved in his violation of 18 U.S.C. § 2425:

- One (1) Samsung Phone, S-10 Plus (21-FBI-011470);
- Springfield Armory Hellcat 9mm Pistol, S/N AT236420,
- 14 Rounds of Ammunition (21-FBI-011471); and
- One (1) Kershaw Knife (21-FBI-011473).

2. The Subject Property **IS HEREBY FORFEITED** to the United States under 18 U.S.C. § 2253 (a) for disposition according to law, and any right, title and interest of Defendant, and any right, title and interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

3. The Subject Property was involved in Defendant's violation of 18 U.S.C. § 2425 and is therefore subject to forfeiture under 18 U.S.C. § 2253 (a) and the requisite nexus exists between the Subject Property and the offense of conviction.

4. In entering into this Stipulated Preliminary Order of Forfeiture, Defendant waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Fed. R. Crim. P. 32.2(b)(5). Defendant

2

knowingly, voluntarily and intelligently waives any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

5. Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final and effective as to Defendant at the time it is entered by the Court but remains preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c).

6. The forfeiture of the Subject Property shall be made part of Defendant's sentence and included in his Judgment.

7. Defendant's counsel affirms that he has discussed this Stipulated Order with Defendant and that Defendant consents to the entry of the Stipulated Preliminary Order of Forfeiture.

8. Defendant further acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed on him in this case and waives his rights to challenge any failure by the Court to advise him of this, under Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a), or otherwise, at the time his guilty plea was accepted, and his sentence was announced by the Court.

9. Upon entry of this Order, the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

10. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third-party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

11. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may

conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

12. If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

13. If a third-party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third-party petition as provided under Fed. R. Crim. P. 32.2(c)(2).

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| S/ *K. Craig Welkener* <br> K. Craig Welkener (DC 1033585) <br> Assistant United States Attorney <br> 211 W. Fort Street, Ste. 2001 <br> Detroit, MI 48226 <br> (313) 226-0248 <br> kenton.welkener@usdoj.gov <br> Dated: October 2, 2023 | S/Henry Scharg (w/consent) <br> Henry Scharg <br> Attorney for Defendant <br> 30445 Northwestern Hwy.,Ste 225 <br> Farmington Hills, MI 48334 <br> 313-967-5852 <br> hmsattyatlaw@aol.com <br> Dated: October 2, 2023 |

*******************************

**IT IS SO ORDERED.**

Dated: October 3, 2023              s/F. Kay Behm
                                    Honorable F. Kay Behm
                                    United States District Court Judge